The opinion of the court was delivered by
Tilghman, C. J.
Nothing can be more clear, than that the distress for money was unlawful. The rent was not reserved in money, but in various articles of grain, &c., the produce of the land. If the right of distress existed at all on a lease of this kind, it must have been made for the arrears of the rent reserved, and nothing else. The tenant has a right, after the distress is made, to tender the amount and costs, and stop the sale. Where the rent is a certain quantity of grain, the landlord may distrain for so many bushels in arrear, and name the value, in order that if the goods should not be replevied, or the arrears tendered, the officer may know what amount in money is to be raised by the sale, and in such case the tenant may tender the arrears in grain. But, in the present case, the parties agreed that the rent should not he paid. In fact, the landlords have sold their share of the rent to the tenant for a certain sum of money. This was a transaction collateral to the rent, and put an end to all claim for rent strictly speaking. It put an end, therefore, to all power to distrain for rent. — A point of considerable importance was raised in this case, viz. whether, to a rent of this kind, the power of distress be incident. It is unnecessary to decide this, and therefore no opinion will be given on it. The weight of business with which this court is pressed, renders it indispensable to husband their time, and avoid the decision of difficult points not necessary to be determined. The gentlemen of the bar, therefore, will be pleased to understand distinctly, that no inference is to be drawn, on one side or the other, from the silence of the court on the general question, whether, to a lease of land in shares, as it is commonly called, the power of distress be incident.
I am of opinion, that in the present case, there was no right to distrain, and therefore the judgment should be affirmed.
Judgment affirmed.